IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMARR R. STONE, SR.,

    **Plaintiff,**

                                  Civil Action 2:19-cv-00401
                                  Judge James L. Graham
    v.                             Chief Magistrate Judge Elizabeth P. Deavers

BRANDON COLLIER, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff, Jamarr R. Stone, Sr., a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, asserting cruel and unusual punishment and due process violations. (ECF No. 1, at p. 12.)[1] He also asserts claims for defamation, slander and libel. (*Id.*) Plaintiff seeks declaratory, injunctive, and monetary relief. On October 4, 2018, Plaintiff filed a Complaint and Motion for Leave to Proceed *in forma pauperis* in the United States District Court for the Northern District of Ohio. (ECF Nos. 1-2.) On February 6, 2019, the Northern District of Ohio transferred the case to the United States District Court for the Southern District of Ohio which is the proper venue for this action. 28 U.S.C. § 1391(b). On February 8, 2019, this Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 5.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's

---

[1] Plaintiff mentions causes of action for defamation, slander and libel on the Civil Cover Sheet, but his Complaint makes no mention of these claims. (ECF No. 1.)

Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## I.

Plaintiff alleges that employees of Chillicothe Correctional Institution ("CCI") and Ohio Department of Rehabilitation and Corrections ("ODRC") have improperly blamed him for a contraband situation, in violation of his civil rights. (ECF No. 1, at p. 3-11.) Specifically, Plaintiff alleges that Inmate Shaffer and Inmate Taylor were involved in bringing contraband into CCI. (*Id.*, at p. 3-4.) However, Plaintiff alleges that Investigator Brandon Collier, a CCI employee and named Defendant, put Plaintiff and Inmate Staples in segregation for Inmates Shaffer and Taylor's actions. (*Id.*, at p. 4-5.) Plaintiff further alleges that Defendant Collier wrote a conduct report against him regarding the contraband incident and blamed visitors of Plaintiff and Inmate Staples for taking part in the contraband incident. (*Id.*) Plaintiff alleges that Defendant Collier's motivation for the alleged retaliation against Plaintiff involved an appeal Plaintiff filed two weeks earlier against Unit Manager Chief, and named Defendant, Steven Jenkins. (*Id.*, at p. 5.) In the appeal, Plaintiff alleges he cited unfair and unethical practices by staff in Security Review Hearings. (*Id.*)

Plaintiff alleges that Warden Designee of CCI, and named Defendant, Amy Hamilton, engaged in punishing Plaintiff for speaking out against Defendant Collier and Defendant Jenkins. (*Id.*, at p. 6.) Plaintiff alleges that Defendant Hamilton refused to check the evidence against Plaintiff and Inmate Staples, and that she removed the visitors who were accused of participating in the contraband incident from Plaintiff and Inmate Staples' visitation list. (*Id.*) Additionally, Plaintiff alleges that Defendant Hamilton denied his and Inmate Staples' appeals "with extreme

2

prejudice." (*Id.*) Specifically, Plaintiff alleges that Defendant Hamilton "openly vowed to never go against her coworkers for inmates." (*Id.*)

Plaintiff alleges that CCI Institutional Inspector, and named Defendant, Corby Free failed to assist in the investigation against Plaintiff and Inmate Staples, "and thus made the battle of pursuing justice more tumultuous." (*Id.*) Plaintiff alleges the same regarding Warden, and named Defendant, Tim Shoop. (*Id.*) Regarding Defendant Free, Plaintiff also alleges that Defendant Free denied inmates the right to file a DRC 4151 informal complaint while they were in segregation. (*Id.*) Plaintiff also alleges difficulties with the electronic filing system because "it allows Correctional Officer's the discretionary power to permit or prohibit access to the computers as they see fit[,]" but it is not clear if Plaintiff is attributing this allegation to Defendant Free, or the Defendants at large. (*Id.*)

Plaintiff alleges that Lieutenant, and named Defendant, Dominic Pettiford, and Unit Manager, and named Defendant, Deanna Pittit "committed several errors throughout the Rules Infraction Board process of [Plaintiff] and [Inmate Staples'] case." (*Id.*, at p. 7.) Plaintiff further alleges that these "errors" infringed upon his constitutional rights and prohibited him from proving his innocence. (*Id.*) Additionally, Plaintiff alleges that Defendant Pettiford and Defendant Pittit failed to be impartial during the hearing process. (*Id.*) Regarding Defendant Pettiford specifically, Plaintiff alleges that he lied on record about surveillance footage as evidence against Plaintiff and Inmate Staples. (*Id.*) Furthermore, Plaintiff alleges that Defendant Pettiford aided Defendant Collier "by allowing [Collier] to avoid questions pertaining to the evidence held against [Plaintiff] and [Inmate] Staples during their Rules Infraction Board Hearings." (*Id.*) Finally, Plaintiff alleges that Defendant Pettiford and Defendant Pittit "allowed Investigator Collier to elude questioning[.]" (*Id.*)

Plaintiff alleges that CCI Corrections Office, and named Defendant, Jonathan Schob tormented him while he was housed inside CCI's Segregation Unit, in violation of his constitutional rights. (*Id.*, at p. 8.) Plaintiff specifically alleges that Defendant Schob restricted him from filing informal complaints on the inmate kiosk and used a radio to "blast" hard rock while he flicked the cell lights on and off to "torture" the inmates in their cells. (*Id.*) Plaintiff further alleges that Defendant Schob "did irreparable damage to [Plaintiff's] psyche" because Plaintiff "is now extremely sensitive to loud voices and music and has a terrible time adjusting to crowds." (*Id.*)

Plaintiff alleges that Chief Inspector, named Defendant Roger Wilson, has failed to rule on any of Plaintiff's Informal Complaints/Grievances. (*Id.*, at p. 8-9.) Plaintiff alleges that this is in violation of ODRC policy, where "the Chief Inspector has 30 days to respond to a claim unless an extension of time is requested." (*Id.*) Plaintiff further alleges that at the time of his filing, no extension had been requested. (*Id.*) Plaintiff alleges that ODRC Director, and named Defendant, Gary Mohr[2] received letters from Plaintiff and others "regarding the malicious and

---

[2] On August 28, 2018, Governor John R. Kasich named Stuart Hudson to serve as the interim director of the Ohio Department of Rehabilitation and Correction, effective August 31, 2018, replacing Gary Mohr who had previously served as the Director of the Ohio Department of Rehabilitation and Correction. (Press Release from Governor John R. Kasich, Stuart Hudson Named Interim Director of The Department of Rehabilitation and Correction (Aug. 28, 2018).) Federal Rule of Civil Procedure 25(d) provides as follows:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is *automatically* substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Fed. R. Civ. P. 25(d). Accordingly, the proper defendant in place of Gary Mohr would be Stuart Hudson, as Mr. Hudson is the current interim director of the Ohio Department of Rehabilitation

4

unconstitutional practices of employees of ODRC yet never moved to rectify the matters." (*Id.*, at p. 9.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)1 as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also*

---

and Correction. Nonetheless, this Order will refer to the Defendant in this position as "Defendant Mohr," for clarity.

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds pro se ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts

should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.**

**A. Official Capacity Claims**

Plaintiff brings his claims under 42 U.S.C. § 1983 (ECF No. 1, at p. 12), which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

Section 1983 does not permit Plaintiff to bring his claims against Defendants in their official capacity. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. *Id*. State officials acting in their official capacity are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, Plaintiff does not identify whether he is suing Defendants in their official or personal capacity. (*See generally* Complaint, ECF No. 1.) Construing his pleading liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court assumes he sues Defendants in both their personal and official capacities. However, to the extent that Plaintiff brings claims under 42 U.S.C. § 1983 against Defendants in their official capacity, these claims are not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable). Thus, to the extent he intends to assert them, Plaintiff's claims against Defendants in their official capacity fail as a matter of law.

7

### B. Defendant Jenkins

In order to proceed under Section 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985).

Here, the entirety of Plaintiff's claims against Defendant Steven Jenkins is as follows:

> Investigator Collier's sole reason for writing the conduct report against [Plaintiff] was retaliation for [Plaintiff] filing an appeal against Unit Manager Steven Jenkins two weeks prior. [Plaintiff] cited "unfair and unethical practices" taken by staff at Security Review Hearings and just fourteen days later was picked up on charges of attempting to convey.

(ECF No. 1, at p. 5.) Nowhere in these allegations does Plaintiff identify what constitutional right(s) was/were allegedly infringed. Indeed, Plaintiff does not even identify any specific actions by Defendant Jenkins. Rather, Defendant Jenkins is briefly mentioned in an explanation of an alleged motive for Defendant Collier's alleged actions. Plaintiff's vague and conclusory allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565–66.

### C. Defendant Shoop

Plaintiff's claims against Defendant Tim Shoop are as follows: "CCI Institutional Inspector Corby Free and Warden Shoop failed to assist with the investigation against [Plaintiff] and [Inmate] Staples and thus made the battle of pursuing justice more tumultuous." (ECF No. 1, at p. 6.) Plaintiff then goes on to detail the alleged actions of Defendant Free, but not anything else regarding Defendant Shoop. (*Id.*) Thus, Plaintiff has failed to provide any factual allegations to support his claim(s) against Defendant Shoop. His vague and conclusory

allegations are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565–66.

### D. Defendant Mohr

Plaintiff's claims against Defendant Gary Mohr are as follows:

> Both Chief Inspector Roger Wilson and Director Gary Mohr played an equally sinister role in the case of [Plaintiff] and [Inmate] Staples. . . . Director Mohr received letters from [Plaintiff], Lashelle McWhorter and Inmate's [sic] Staples regarding the malicious and unconstitutional practices of employees of ODRC yet never moved to rectify the matters.

(ECF No. 1, at p. 8-9.) Plaintiff does not provide factual allegations to support his conclusory allegation that Defendant Mohr "never moved to rectify the matters." This allegation is vague and conclusory. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565–66. They do not provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Indeed, Plaintiff fails to point the Court to any law, case citation, prison policy, or other document to support the claim that Defendant Mohr had to take any action in this situation. Thus, even construing the allegations liberally, Plaintiff's claims against Defendant Mohr amount to mere conclusory assertions. *Iqbal*, 556 U.S. at 678.

Again, to plead a cause of action under § 1983, a plaintiff must plead both a deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This is because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the

official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Here, Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendant Mohr was personally involved in any violation of Plaintiff's rights. Indeed, Plaintiff does not allege that Defendant Mohr personally participated in any unconstitutional conduct, nor does Plaintiff allege that Defendant Mohr specifically authorized or approved any unconstitutional conduct. Because *respondeat superior* is not available in actions under § 1983, Plaintiff's claims against Defendant Mohr fail as a matter of law.

## IV.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's claims against all Defendants in their official capacity and Plaintiff's claims against Defendant Shoop, Defendant Jenkins, and Defendant Mohr be **DISMISSED** for failure to state a claim. It is **FURTHER RECOMMENDED** that the remainder of Plaintiff's claims be permitted to proceed. While these claims may proceed at this juncture, the Undersigned expresses no opinion as to whether Plaintiff may ultimately prevail on the merits of these claims.

It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to de novo review of by the District Judge and waiver of the right to appeal the judgment of the District Court. See, e.g., Pfahler v. Nat'l Latex Prod. Co., 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); United States v. Sullivan, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. Robert v. Tesson, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: February 12, 2019                    /s/ *Elizabeth A. Preston Deavers*
                                           ELIZABETH A. PRESTON DEAVERS
                                           CHIEF UNITED STATES MAGISTRATE JUDGE