IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMARR R. STONE, SR.,

    **Plaintiff,**

                      Civil Action 2:19-cv-401
                      Judge James L. Graham
   v.                  Chief Magistrate Judge Elizabeth P. Deavers

BRANDON COLLIER, *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Compel (ECF No. 30), Defendant's Response in Opposition (ECF No. 36), and Plaintiff's Reply (ECF No. 39). The Court also considers Plaintiff's Motion for Sanctions (ECF No. 31) and Defendant's Response in Opposition (ECF No. 36).[1] For the reasons that follow, Plaintiff's Motion to Compel (ECF No. 30) and Motion for Sanctions (ECF No. 31) are both **DENIED**.

### I.

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this lawsuit against various employees of Chillicothe Correctional Institution ("CCI") and the Ohio Department of Rehabilitation and Corrections ("ODRC"). (ECF No. 10 at 1–3.) The basis of Plaintiff's Amended Complaint is that Defendants improperly blamed him for a contraband incident, in violation of his civil rights. (ECF No. 10 at 3–11.) Specifically, Plaintiff alleges that as a result of being wrongly accused of participating in a contraband incident, a conduct report

---

[1] Plaintiff did not file a reply memorandum in support of this Motion.

1

was written up and he was placed in segregation. (*Id.* at 4–5.) While in segregation, Plaintiff maintains that he was tormented in violation of his constitutional rights. (*Id.* at 8.) He also asserts that his visitors were falsely accused of participating and that these visitors were accordingly removed from his visitation list. (*Id.* at 4–6.) Plaintiff alleges that he was improperly blamed for this incident as a form of retaliation for having used the inmate appeal process where he cited unfair and unethical practices by CCI staff. (*Id.* at 5.)

Plaintiff accuses Defendants of failing to properly investigate and of lying during the Rules Infraction Board hearing about the evidence. (*Id.* at 5–7.) Plaintiff also alleges that he was denied his right to view the evidence against him before the hearing. (*Id.*) He claims that, following the hearing, he was denied a fair appeal and none of his informal complaints or grievances were ruled upon or taken seriously. (*Id.* at 8–9.) He sues each Defendant in their personal capacity under 18 USC § 1983 for violations of his due process rights and for cruel and unusual punishment.

In the pending Motion to Compel (ECF No. 30), Plaintiff seeks an Order compelling Defendants to produce certain documents in response to written discovery requests. (ECF No. 30 at 1.) Specifically, Plaintiff's Motion identifies seven discovery requests to which he contends Defendants either failed to respond, objected improperly, or responded deficiently. (*Id.*) In response, Defendants assert that they have satisfactorily responded to all of Plaintiff's discovery requests and have produced all requested documents other than those that are outside of their possession, that contain confidential information, or that are irrelevant to Plaintiff's claims. (ECF No. 36.)

## II.

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citations omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). Federal Rule of Civil Procedure 26(b) identifies the acceptable scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."), 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)[.]"). In short, "a plaintiff should have access to information necessary to establish her claim, but [] a plaintiff may not be permitted to 'go fishing'; the trial court retains discretion." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)); *see also Superior Prod. P'ship v. Gordon Auto Body Parts Co., Ltd.*, 784 F.3d 311, 320–21 (6th Cir. 2015) ("In sum, '[a]lthough a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" (quoting *Surles ex rel. Johnson*, 474 F.3d at 305)).

"[T]he movant bears the initial burden of showing that the information is sought is relevant." *Prado v. Thomas*, No. 3:16-cv-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017) (citing *Gruenbaum v. Werner*, 270 F.R.D. 298, 302 (S.D. Ohio 2010)). If the movant

3

makes this showing, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id*. (citing *O'Malley v. NaphCare, Inc*., 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (stating that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination" and that a "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them").

Finally, a party moving for an order compelling discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a); *see also* S.D. Ohio Civ. R. 37.1 ("[M]otions . . . relating to discovery shall not be filed in this Court . . . unless the parties have first exhausted among themselves all extrajudicial means for resolving the differences."). Defendants assert that Plaintiff has not satisfied this burden. (ECF No. 36 at 2–3.) Plaintiff wrote Defendants a letter dated July 16, 2019, describing his position that the responses were overdue and requesting that Defendants provide responses immediately. (ECF No. 30 at 2.; ECF No. 30–3.) The Court is satisfied in this limited circumstance that Plaintiff satisfies this prerequisite.

**III.**

Plaintiff's Motion to Compel does not identify the responses to the specific discovery requests he seeks an order compelling. However, after reviewing Exhibit 1 to Defendants' Response in Opposition (ECF No. 30-1), the Court understands that the disputed discovery requests are Plaintiff's Second Set of Document Requests Nos. 1, 2, 5, 6, 9, and 20, and

4

Plaintiff's Second Request for Admissions Directed to Defendant Pettiford No. 2. In their Response in Opposition, Defendants generally assert that their objections to these requests are valid because they either do not keep the records requested, no such records exist, the documents are maintained by another entity, the information sought is irrelevant, or the information sought is confidential. (ECF No. 36 at 2.) They further note that Plaintiff has received a total of 105 pages of discovery. (*Id.*) The Court addresses the specific requests at issue in turn.

**Plaintiff's Second Request for Production of Documents, Request No. 1**

>Request: Any and all conduct reports written by or involving Defendant Brandon Collier against inmates at the Chillicothe Corrections Institution between the dates of January 1st, 2017, upwards of January 1st, 2019.
>
>Response: Defendants object to this discovery request to the extent that it is beyond the scope of the complaint and wholly irrelevant to Plaintiff's present claim. Plaintiff is the sole inmate in the case and therefore no other inmate conduct reports would relate to Plaintiff's claim. See Documents Bates Stamped 0001-0051.

(ECF No. 30 at 8; ECF No. 36-1 at 28.) Plaintiff indicates that he wishes to use conduct reports written by Defendant Collier involving other inmates in order to "illustrate a pattern of mistreatment towards inmates on behalf of the defendants that ranged from the years 2017 through 2019." (*Id.*) He contends that this information will aid him in establishing his claim of civil conspiracy and will "call attention to all misconduct on behalf of defendants." Defendants assert that this request is beyond the scope of Plaintiff's claims.

"The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Furay v. Lvnv Funding, LLC*, No. 2:12-cv-1048, 2013 WL 12123867 at *1 (S.D. Ohio Aug. 5, 2013). The Court is not persuaded that Plaintiff has established that conduct reports written by one of the Defendants involving other inmates are relevant to his claims involving specific allegations of cruel and unusual punishment and due

process violations. Plaintiff maintains that these reports pertain to his claim of conspiracy, but Plaintiff has not brought any such claim against any Defendant in his Amended Complaint. (ECF No. 10.) Plaintiff speculates that the requested information may show or call attention to a pattern of mistreatment, but he has not shown how any such pattern relates to his specific claims. *See Anwar*, 876 F.3d at 854 (holding that, while a plaintiff "should have access to information necessary to establish her claim, . . . a plaintiff may not be permitted to 'go fishing'"). Accordingly, Plaintiff's Motion to Compel (ECF No. 30) as it relates to this request is **DENIED**.

**Plaintiff's Second Request for Production of Documents, Request No. 2**

> Request: Any and all inmates appeals sent to Defendant Amy Hamilton from conduct reports written by Defendant Brandon Collier between the dates of January 1st, 2017, upwards of January 1st, 2019.
>
> Response: Defendants object to this discovery request to the extent that it is beyond the scope of the complaint and wholly irrelevant to Plaintiff's present claim. Plaintiff is the sole inmate in the case and therefore no other inmate conduct reports would relate to Plaintiff's claims. See Documents Bates Stamped 0001-0051.

(ECF No. 30 at 10; ECF No. 36-1 at 28–29.) Plaintiff asserts that he seeks this information to show "a pattern of corruption and comradery on behalf of the defendants collectively." (*Id.*) He again claims that these documents would aid in proving a conspiracy claim. Plaintiff acknowledges that Defendants have already provided Plaintiff with at least some of this information, albeit redacted. (*Id.* at 11.)

Similar to Plaintiff's first request, this request pertains to inmates other than Plaintiff. Again, the Court is not persuaded that information regarding other inmate conduct reports or appeals is relevant to the claims at issue in this case. This Court has previously considered and rejected as irrelevant a request to compel similar documents. *See Tate v. Campbell*, No. 2:00-cv-1041, 2001 WL 1681112, at *5 (S.D. Ohio Sept. 13, 2001) ("complaints by other inmates about defendant Campbell have little or no relevance to plaintiff's claims against this defendant").

Accordingly, Plaintiff's Motion to Compel pertaining to this request is **DENIED**. While appeals by other inmates are irrelevant to Plaintiff's claims, Plaintiff *is* entitled to copies of his own inmate appeals related to Defendant Collier. To the extent that Defendants' production of documents did not include copies of Plaintiff's own inmate appeals, the Court **ORDERS** Defendants to produce any such documents, with information concerning other inmates, security protocols, or other confidential information appropriately redacted within **TWENTY-ONE (21) DAYS** of the date of this Order.

**Plaintiff's Second Request for Production of Documents, Request No. 5**

> Request: Any and all security camera footage from street surveillance cameras on or about Moundsville Road near the Chillicothe Corrections Institution the day of June 26, 2018 between the times of 2:00 p.m. and 5:30 p.m.
>
> Response: Defendants object to this discovery request to the extent it seeks information that may pose a threat to institutional security if possessed by an incarcerated individual. A date and time will be arranged so that Plaintiff may view the videos and take notes.

(ECF No. 30 at 12; ECF No. 36-1 at 30.) Plaintiff asserts that surveillance footage provided by Defendants "hindered his plight as a *pro se* litigant preparing for a jury trial" and was also "contrary to his request." (*Id.*) Plaintiff points to Defendant Collier's response to a separate Request for Admission wherein he admitted that the conduct report he prepared on July 5, 2018, had video surveillance footage from street cameras on or about Moundsville Road. (*Id.*; ECF No. 36-1 at 12–13.)

Defendants do not specifically address this request in their Response in Opposition to the Motion to Compel. Plaintiff's Motion acknowledges that he received footage, and he does not explain how the footage he received is "contrary" to his request or "hinders" his ability to prepare for trial. Accordingly, Plaintiff's Motion to Compel (ECF No. 30) as it relates to this request is **DENIED**.

**Plaintiff's Second Request for Production of Documents, Request No. 6**

>Request: Any and all transcripts and or digital versions of Global Tel Link monitored telephone calls that Defendant Collier referenced to in Plaintiff's June 26th 2018 conduct report.
>
>Response: Defendants aver that a full transcript was not prepared. A date and time will be arranged so that Plaintiff may listen to the audio recording and take notes.

(ECF No. 30 at 12–13; ECF No. 36-1 at 30.) Plaintiff asserts that Defendants failed to arrange a date and time for Plaintiff to listen to the audio recording in question. (*Id.* at 13.) Instead, Plaintiff claims that Defendants "dropped the evidence in the hands of the institutional staff and assumed he would get to review it." (*Id.*) He goes on to describe a process whereby a staff member handled the electronic device while Plaintiff listened and took notes. (*Id.*) He describes this process as unduly burdensome and a hinderance to his preparation for a jury trial. (*Id.*) Defendants did not specifically acknowledge this request in their Response in Opposition to the Motion to Compel.

Based on these details, the Court presumes that Plaintiff was able to listen to the complete audio recording at issue but that he believes it was an unduly burdensome process. Plaintiff has failed, however, to explain how this was an unduly burdensome process. Assuming Defendants have already produced the digital recordings of the telephone calls referenced in Plaintiff's request, the Court is unable to compel anything further from Defendants. If the Court is mistaken and Plaintiff has not been afforded an opportunity to listen to the audio recording, Defendants are directed to make it available to Defendant within **TWENTY-ONE (21) DAYS** of the date of this Order. Accordingly, the Motion to Compel with respect to this request is **DENIED**.

**Plaintiff's Second Request for Production of Documents, Request No. 9**

> Request: Security camera footage from the Chillicothe Corrections Segregation Unit during the complete months of July 2018.
>
> Response: Defendants object to this discovery request to the extent that it is beyond the scope of the complaint and wholly irrelevant to the present case. Additionally, Defendants object to the extent this request is unduly burdensome and would jeopardize institutional security.

(ECF No. 30 at 13–14; ECF No. 36-1 at 13.) Plaintiff asserts that, because Defendants have already provided some video footage, providing the complete footage for the month of June 2018 would not jeopardize jail security. (ECF No. 30 at 14.) He also asserts that, since he now at a different institution with no ties to CCI, the security risk is low. (*Id.*) Plaintiff seeks this footage in order to corroborate his claim that Defendant Schob forced inmates in segregation to watch lightshows and listen to hard rock music. (*Id.*) He requests that he Court compel Defendants to either produce the entire footage for the month of June 2018 or to at least compel Defendants to make it available to Plaintiff in the same way they did the other footage. (*Id.*) Defendants object, claiming that this request is beyond the scope of the Amended Complaint, irrelevant, and would jeopardize institutional security. (ECF No. 36-1 at 13.)

The Court is not persuaded that Plaintiff's overbroad request is relevant to whether Defendant Schob engaged in cruel and unusual punishment while Plaintiff was in segregation. Plaintiff is not permitted to "go fishing[.]" *Anwar*, 876 F.3d at 854. Even if the requested information had some relevance, Plaintiff has not persuaded this Court that this degree of relevance outweighs the security concerns triggered in the production of such records in this case. Accordingly, as it relates to this request the Motion to Compel (ECF No. 30) is **DENIED**.

**Plaintiff's Second Request for Production of Documents, Request No. 20**

>Request: The exact [number] of inmate information complaint(s) and[/]or grievance appeals that went "overdue" during the dates of January 1st, 2017, upwards of January 1st, 2019 and the race of said appellants.
>
>Response: Defendants object to this discovery request to the extent that it is beyond the scope of the complaint and irrelevant to Plaintiff's claim. There are no documents stating an exact number for this request. Defendants can state that grievance appeals increased 500% causing an unusual backlog.

(ECF No. 30 at 11; ECF No. 36-1 at 34–35.) Plaintiff asserts that Defendants' response is insufficient because he believes they do in fact have obtainable data on this issue. (*Id.*) Plaintiff maintains that this information is important to his claims because it will prove that Defendant Wilson participated in a conspiracy and, further, that he "failed to act in the matters which further violated the plaintiff's constitutional rights and prejudiced him severely." (*Id.* at 12.)

According to Defendants' objection, more specific data on the number of inmates' informal complaints and/or grievances between January 1, 2017, and January 1, 2019, is not available. (*Id.* at 11.) The Court cannot compel Defendant to produce something that does not exist. *See Miller v. Experian Info. Sol., Inc.*, No. 3:13-cv-90, 2014 WL 5513477, at *2 (S.D. Ohio Oct. 31, 2014) (collecting cases establishing that "[p]arties have no duty to create documents simply to comply with another party's discovery request."); *see also Brown v. Warden Ross Corr. Inst.*, No. 2:10-cv-822, 2011 WL 1877706, at *5 (S.D. Ohio May 16, 2011) ("Defendants have represented that they do not have the information Plaintiff seeks. The Court cannot require them to produce what they do not have."). Accordingly, as it relates this request, the Motion to Compel (ECF No. 30) is **DENIED**.

**Plaintiff's Second Request for Admissions Directed to Defendant Pettiford, No. 2**

>Request:  Admit that on July 11, 2018, defendant Brandon Collier attended Rules Infraction Board h[e]aring CCI-18-004152 via telephone conference and that there are digital recordings from this hearing on file.
>
>Objection:  Defendant objects to this request to the extent it is a compound question.
>
>Response:  Deny.  There is no recording of this RIB hearing.

(ECF No. 36-3 at 2.)  Plaintiff seeks an order compelling Defendants to produce the audio recording that forms the basis of this request for admission.  (ECF No. 30 at 12.)  Plaintiff refers to the objection and response as "a clear attempt to destroy exculpatory evidence."  (*Id.*)  Plaintiff points to the Ohio Department of Rehabilitation's Record Retention Schedule, which he says provides that "[a]udio recordings of Rules Infraction Board Recordings are to be retained for 3 years and then erased."  (*Id.*)   In denying the request for admission, Defendants explain that there is no recording of this hearing.  (ECF No. 36-3 at 2.)  Defendants do not specifically address this request in their Response in Opposition to the Motion to Compel.  (ECF No. 36.)

As discussed above, the Court cannot compel Defendant to produce something that does not exist.  *See Miller*, 2014 WL 5513477, at *2  ("Parties have no duty to create documents simply to comply with another party's discovery request."); *see also Brown,* 2011 WL 1877706, at *5.  Accordingly, as it relates to this request, the Motion to Compel (ECF No. 30) is **DENIED**.

Nevertheless, Defendant is **ORDERED** to supplement the response explaining why no such audio recording of the Rules Infraction Board exists consistent with the appropriate record retention policies within **TWENTY-ONE (21) DAYS** of the date of this Order.

### IV.

Plaintiff seeks sanctions against Defendants for their "blatant disregard for the Federal Rules of Civil Procedure" which he claims has "prejudiced him and hindered his discovery process."  (ECF No. 31 at 2.)  Plaintiff asks that the Court impose a $5000 monetary penalty on Defendants for each of the seven requests in his Motion to Compel.  (ECF No. 31 at 4.)  He

further requests that the Court allot these funds toward his future trial counsel. (*Id.*) Defendants oppose the Motion, asserting that they have not failed to produce documents relevant to the case, have not acted in bad faith, and have not disobeyed a court order. (ECF No. 36 at 3.)

Defendants' arguments are well taken. Defendants objected to some of Plaintiff's discovery requests on the basis that they did not have the requested records, that the information was irrelevant, or that the documents contained confidential information. (ECF No. 36 at 2.) Consistent with the above analysis of the specific requests at issue, the Court is satisfied that Defendants' objections were not an attempt to undermine Plaintiff in the litigation. Based on this record, there is no evidence of sanctionable conduct on the part of the Defendants. For these reasons, Plaintiff's Request for Sanctions (ECF No. 31) is **DENIED**.

**V.**

For all these reasons, Plaintiff's Motion to Compel (ECF No. 30) and Motion for Sanctions (ECF No. 31) are **DENIED** consistent with the foregoing.

**Date: March 24, 2020**      /s/ *Elizabeth A. Preston Deavers*_____
                                                  **ELIZABETH A. PRESTON DEAVERS**
                                                  **CHIEF UNITED STATES MAGISTRATE JUDGE**